UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATASHA VAN DUSER, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> TOZZER LTD, et al., <br><br> Defendants. | 23-cv-9329 (AS) <br><br> NOTICE OF INITIAL <br> PRETRIAL CONFERENCE |

ARUN SUBRAMANIAN, United States District Judge:

      This case, involving claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., has been assigned to this Court for all purposes. No **later than one week after an answer is filed**, the parties shall meet and confer in good faith to discuss the possibility of an early settlement. If the parties, having met and conferred, believe that they would benefit from a settlement conference before the assigned Magistrate Judge, they should file a joint letter-motion seeking such relief, in which case an appropriate reference will be made. The parties must then contact the Chambers of the assigned Magistrate Judge to schedule a settlement conference to take place at least two weeks before the initial pretrial conference scheduled below. Further, to facilitate those settlement discussions, the parties shall, **no later than three weeks after an answer is filed**, exchange limited discovery in aid of settlement; confer with respect to the scope of such limited discovery; and promptly raise any disputes with the assigned Magistrate Judge in accordance with their Individual Practices.[1]

      If the parties believe that additional time is needed for the settlement process contemplated by this Order (for example, because of a delay in service on, or the appearance of, a defendant or because the assigned Magistrate Judge is unavailable to hold a settlement conference before the initial pretrial conference scheduled below), the parties may file a letter motion (with this Court, not the assigned Magistrate Judge) seeking an appropriate extension of the deadlines herein or a reasonable adjournment of the initial pretrial conference.

---

[1] This initial discovery typically includes, but is not necessarily limited to, the following: documents describing Plaintiffs' duties and responsibilities; records of wages and hours worked (*i.e.*, payroll records, time sheets, work schedules, wage statements and wage notices); a spreadsheet of alleged underpayments and other damages (from Plaintiffs); any documents describing compensation policies or practices (from Defendants); and, if Defendants intend to assert an inability to pay, documents showing proof of financial condition (such as tax or other business records).

The parties are reminded that, in most cases, settlements of claims under the FLSA must be filed publicly and scrutinized by the Court to ensure that they are fair. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015); Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332 (S.D.N.Y. 2012) (discussing factors to be considered in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award and addressing whether a FLSA settlement agreement can remain confidential). In light of that, the parties are likely to have two options in the event that they reach a settlement. First, they could submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in Wolinsky. See 900 F. Supp. 2d at 335–36. (Any such letter should also address, if applicable, any incentive payments to the Plaintiffs and any attorney's fee award to Plaintiffs's counsel, with documentation to support the latter, if appropriate.) Second, the parties may consent to proceed for all purposes before the assigned Magistrate Judge (the appropriate form for which is available at https://www.nysd.uscourts.gov/forms/consent-proceed-us-magistrate-judge), in which case the assigned Magistrate Judge would decide whether to approve the settlement. If the parties reach a settlement with the assistance of the assigned Magistrate Judge, the latter option may be the more efficient.

Unless and until the Court orders otherwise, counsel for all parties shall appear for an initial pretrial conference with the Court on **January 30, 2024, at 11:45 a.m.** The conference will be held via Microsoft Teams. The parties should dial in by calling (646) 453-4442 and entering the Phone Conference ID: 212 566 515, followed by the pound (#) sign. Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as Lead Trial Counsel.

**All counsel must familiarize themselves with the Court's Individual Practices, which are available at https://nysd.uscourts.gov/hon-arun-subramanian.** All parties are required to register promptly as filing users on ECF.

Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. Additionally, in accordance with Paragraph 4.D of the Court's Individual Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **Thursday of the week prior to the conference date**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at **https://nysd.uscourts.gov/hon-arun-subramanian**. Any open legal issues can be addressed at the conference.

The joint letter shall not exceed three (3) pages, and shall provide the following information in separate paragraphs:

(1)     A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(2)     A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000). If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit.

(3)     A statement of all existing deadlines, due dates, and/or cut-off dates;

(4)     A brief description of any outstanding motions;

(5)     A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6)     A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

(7)     A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(8)     Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such a letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://www.nysd.uscourts.gov/electronic-case-filing.

   In accordance with the Court's Individual Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least **48 hours** before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

   **Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Practices forthwith, and (2) to file proof of such notice with the Court.** If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Practices to that party personally.

   SO ORDERED.

Dated: October 25, 2023
   New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge