

Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main: 212.392.4772
Direct: 212.444.1024
doug@lipskylowe.com

www.lipskylowe.com

April 25, 2024

VIA ECF
The Honorable Arun Subramanian, U.S.D.J.
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Van Duser *et al.* v. Tozzer LTD., *et al.*, 1:23-cv-09329 (AS)</u>

Dear Judge Subramanian:

    Plaintiffs submit this opposition to Defendants' April 21, 2024 letter motion seeking to stay discovery. (Doc. No. 30). Defendants' request should be denied, as they do not meet their burden for a stay under Rule 26(c).[1]

1.    <u>Defendants cannot show Plaintiffs' claims lake merit</u>

    First, the Complaint sufficiently pleads a minimum wage claim for the unpaid training under the Fair Labor Standards Act. The training, importantly, occurred the week before the Plaintiffs worked a shift as a bartender, server or barback when the Defendants did not pay them anything. (Complaint ¶ 75). No additional information is therefore needed to confirm the Defendants paid the Plaintiffs below the federal minimum wage for this training, as 0 hours divided by $0.00 = $0.00. And $0.00 is below the FLSA's $7.25 minimum wage.

    Second, Plaintiffs affirmatively state they are *not* seeking gap time. (Compl. ¶ 385). This argument is moot.

    Third, Plaintiffs' tip retention claim is well pled. Plaintiffs were required to pool their tips with their managers who have the authority to hire and fire employees and set work schedules. (Compl. ¶ 61). That is unlawful. *See Widjaja v. Kang Yue USA Corp.*, 09-cv-2089 (RRM)(CLP), 2011 U.S. Dist. LEXIS 109007, *17 (S.D.N.Y. Sept. 26, 2011) (granting plaintiffs summary judgment on unlawful tip retention FLSA claim when forced to pool tips with the sushi chef who could, among other things, supervise and hire employees). Defense counsel has, in fact, asserted this very claim in other cases when

---

[1] Plaintiffs recognize Your Honor's Individual Rule 5 requires a response within two business days on a discovery request. Putting aside whether this is, a discovery dispute under that Rule, I was out of the office Monday and Tuesday observing Passover.



representing plaintiffs. *See Nguyen v. Pho Vietnam 87 Corp. et al.*, 1:23-cv-4298 (S.D.N.Y.); *Cruz v. 856 River Ave Rest. Corp.*, 1:22-cv-5080 (S.D.N.Y.).

Fourth, Plaintiffs' FLSA claims are timely, without engaging in the willfulness analysis under *Whiteside v. Hover-Davis*, 995 F.3d 315, 317 (2d Cir. 2021). With Plaintiffs having filed their Complaint on October 23, 2023, their claims are timely under the FLSA's two-year statute of limitations, provided they worked for Defendants since October 23, 2021. *See* 29 U.S.C. § 255(a). They all did: Van Duser stopped working in November 2022 (Compl. ¶ 98); Lea, Daniels, Mason, Fromer and Winters are current employees (*Id.* ¶¶ 111, 146, 166, 289, 337); Hsu worked till September 2023 (*Id.* ¶ 188); Marvelous Herve worked till March 2023 (*Id.* ¶ 213); Mickelsen worked till November 2022 (*Id.* ¶ 230); Ward worked till August 2023 (*Id.* ¶ 252); Ospina worked till October 2022 (*Id.* ¶ 268); and Irrizarry worked till May 2023 (*Id.* ¶ 316). The relevance of this argument is curious, at minimum.

What's more, the Complaint sufficiently pleads willfulness. Willfulness, before and after *Whiteside* may be pled in many ways. It can be, for example, by alleging "defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA"; that "Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll record;" and "Defendants' unlawful conduct was intentional, willful, [and] in bad faith." *Maria v. El Mambi Rest. Corp.*, 20-cv-3707, 2021 U.S. Dist. LEXIS 107416, at *12 (S.D.N.Y. Jun. 8, 2021). Suspecting Defendants may argue all pre-*Whiteside* decisions on willfulness should be disregarded, that argument has been rejected. See *Montoya v. Havana Cent. Ny 2, LLC*, 2024 U.S. Dist. LEXIS 4034, *20 (S.D.N.Y. Jan. 5, 2024). Indeed, a post-*Whiteside* decision cites *Maria* on this issue. *See Biao Ji v. New Aily Foot Relax Station Inc.*, 22-cv-8196 (VB), 2023 U.S. Dist. LEXIS 88213, *18 (S.D.N.Y. May 19, 2023).

Here, the Complaint sufficiently pleads willfulness. It, like in *Maria*, alleges Defendants altered time records and thus failed to maintain accurate records (Compl. ¶ 73-74); Defendants' compensation policy was designed, not to be legally compliant, but to reduce labor costs (Compl. ¶ 83); and they knew or should have known their conduct was unlawful (Compl. ¶ 377).

Turning to Individual Defendant Jonathan Toubin, he is properly pled as a Defendant. He is not only an owner of the bars but, when at the bars, he tells employees what to do and how to do it. (Compl. ¶ 53). This is enough for individual liability. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013) ("to be an 'employer,' [under the FLSA] an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment.").

At bottom, Defendants' motion to dismiss will fail. This alone dooms Defendants' discovery stay request. *See White v. UMG Recordings, Inc.,* 20-cv-9971 (AT) 2021 U.S.



Dist. LEXIS 129360, *2 (S.D.N.Y. July 12, 2021) (denying motion to stay when outcome of the motion to dismiss was uncertain)

2. <u>Discovery is proportionate to this case</u>

Defendants own and operate numerous bars and employ numerous individuals. They cannot use that as a shield to avoid discovery. Also, Defendants' letter motion belies their request, as they state they "have maintained and preserved" time and payroll records. (Defs. at 4). It should therefore be easy for them to respond to discovery.

3. <u>A stay would prejudice Plaintiffs.</u>

Defendants have, from day one, done everything to delay this case. As background, on November 8, 2023, some Defendants were served, making their responsive pleading due by November 29. (Doc. Nos. 8-12). The remaining were served on December 22, 2023, making their responsive pleading due by January 12, 2024. (Doc. Nos. 13-14).

The strategy of delay began almost immediately upon Defendants first contacting Plaintiffs on December 28 and ultimately requesting their responsive pleading deadline be extended to February 19, 2024. Plaintiffs agreed based on Defendants' representation that this was enough time for them to review the Complaint and file their pleading. This extension resulted in the January 30 Initial Pretrial Conference being adjourned. (Doc. No. 18). Then, on February 14, they requested 30 more days to file their responsive pleading based on the representation that this time was necessary to complete their investigation and to discuss a resolution. Based on those representations, Plaintiffs agreed and Defendants' responsive pleading deadline was extended to March 29 and the February 29 Initial Pretrial Conference was adjourned to March 29. (Doc. No. 22). Then, on March 15, Defendants requested *another* extension. Before Plaintiffs could respond, Defendants filed a letter motion seeking their responsive pleading deadline be extended to April 20, representing to the Court that this time is needed to continue their investigation. (Doc. No. 23). The Court granted that extension while making clear this case needs to move forward. (Doc. No. 24). In sum, for the Defendants served on November 8, they have had 143 days to file their responsive pleading and, for the Defendants served on December 22, they had 120 days.

Defendants, of course, did not engage in settlement talks, nor file an Answer. And they now ask the Court to stay discovery. If granted, Plaintiffs will have to wait even longer to prosecute their claims, delaying when they will receive the money that is owed to them, causing them meaningful financial prejudice.

Defendants' request should be, respectfully denied, and discovery should proceed.

Respectfully submitted,
LIPSKY LOWE LLP
<u>s/ Douglas B. Lipsky</u>
Douglas B. Lipsky

CC:   Counsel of Record (Via ECF)