# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

April 21, 2024

**VIA ECF**
The Hon. Arun Subramanian, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:    *Van Duser et al v. Tozzer Ltd. et al*
**Case No.: 1:21-cv-03562-ENV-SJB**

Dear Honorable Judge Subramanian:

        This law firm represents Defendants Tozzer Ltd., Lapizza Shop, Inc., Bowery Tech Restaurant LLC, Jonathan Toubin, Johnny Yerington a/k/a "Johnny T," Jesse Malin, and Laura McCarthy (collectively, the "Defendants") in the above-referenced matter.

        Pursuant to Your Honor's Individual Motion Practice Rules 5(D)[1] and 8(B), the instant letter respectfully serves to request a stay on all discovery pending the resolution of Defendants' recently filed motion to dismiss [Dckt. Nos. 27-29] (the "Motion to Dismiss").

        This is the first request of its kind, and is not made on consent of counsel for Plaintiffs Natasha Van Duser, Jackson Lea, Charlotte Mason, Tristan Hsu, Morgann Daniels, America Rose Marvelous Herve, Ryan Mickelsen, Kayl Ward, Stephanie Ospina, Zoë Fromer, Nicole Irrizarry and Julieta Winters (collectively, the "Plaintiffs").

        As set forth more fully in Defendants' Motion to Dismiss, there is considerable support for Defendants' position that the action should be completely dismissed for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6), and 12(h)(3).

## I.     Legal Standard

        Under Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 26(c), a district court may stay discovery "for good cause." Fed.R.Civ.P. 26(c). "When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Gross v Madison Sq. Garden Ent. Corp.,* 2023 WL 6815052, at *1 (S.D.N.Y. 2023).

---

[1] Counsel for the parties met-and-conferred via telephone on April 18, 2024 at 3:47 p.m. The undersigned participated in the meet-and-conferral on behalf of Defendants. Douglas Lipsky, Esq. participated in the meet-and-conferral on behalf of Plaintiffs. The conference lasted approximately six (6) minutes. At the telephonic conference, the parties mutually agreed that the parties were at an impasse, and that Defendants' would be requesting a conference with the Court.

II.      **Legal Argument**

**A. Defendants Have Made a Requisite Showing that Plaintiffs' Claims are Unmeritorious**

With respect to the "strength of the motion" factor, the party requesting a stay must demonstrate "substantial arguments for dismissal." *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. 2018) (citations and alteration omitted). Some courts have observed that "this standard requires 'a strong showing that the plaintiff's claim is unmeritorious.'" *Id.* (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69 (S.D.N.Y. 2013) (citation omitted). Other courts have granted a stay of discovery when a motion to dismiss is "potentially dispositive, and appears to be not unfounded in law." *Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. 1994); *see also Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. 2015) (stay of discovery warranted when "the viability of ... Plaintiffs' claims is in at least some doubt pending the resolution of the motions to dismiss").

As set forth more fully below, Defendants' Motion to Dismiss raises substantial arguments as to the viability of this Court's subject matter jurisdiction.

i.       **Plaintiffs' Two (2) FLSA Claims Fail to State a Claim Upon Which Relief May be Granted.**

With respect to Plaintiffs' First Cause of Action, the FLSA does not provide a cause of action for the unlawful retention of tips. *See Weng v. HungryPanda US, Inc.*, 2022 WL 292799 (S.D.N.Y. 2022) (dismissing tip-theft claim under 29 U.S.C. § 203(m)(2)(B)); *Azeez v. Ramaiah*, 2015 WL 1637871, at *6-7 (S.D.N.Y. 2015) (same); *Widjaja v. Kang Yue USA Corp.*, 2011 WL 4460642 (E.D.N.Y. 2011).

With respect to Plaintiffs' Second Cause of Action, the FLSA does not provide a cause of action for unpaid gap-time. *See Lundy v. Catholic Health Sys. of Long Is. Inc.*, 711 F3d 106, 116 (2d Cir. 2013). Moreover, the Complaint inexplicably omits critical information needed to quantify Plaintiffs' true rates of compensation, under the *Klinghoffer* rule. *See, e.g., Baldia v. RN Express Staffing Registry LLC*, 633 F. Supp 3d 693, 712 (S.D.N.Y. 2022) (dismissing FLSA minimum wage claim since the pleading never alleges that during any particular week, the average of the plaintiff's hourly wages was less than the federal minimum wage); *see also Alfonso v. Mougis Logistics Corp.*, 2021 WL 5771769, at *3 (S.D.N.Y. 2021); *Fangrui Huang v. GW of Flushing I, Inc.*, 2019 WL 145528, at *5 (E.D.N.Y. 2019); *Hart v. Crab Addison, Inc.*, 2014 WL 2865899, at *11 (W.D.N.Y. 2014).

ii.      **Plaintiffs Have Not Adequately Pled that Defendants "Willfully" Violated the FLSA under the *Whiteside* Pleading Standard**

The Motion to Dismiss also raises substantial arguments as to whether Defendants "willfully" violated the FLSA, under the pleading standard established by the Second Circuit in *Whiteside v. Hover-Davis*, 995 F.3d 315 (2d Cir. 2021). Plaintiffs' conclusory allegations (which are exclusively tied to a non-existent cause of action [*see Compl.* at ¶¶ 3, 376]) are insufficient to

2

permit a plausible inference that Defendants "knew or recklessly disregarded" whether their conduct violated the FLSA. *Whiteside*, 995 F.3d at 324. Consequently, Plaintiffs' claims relating to pay periods before October 23, 2021 are time-barred.[2]

### iii.    The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' NYLL Claims and Dismiss the Complaint in its Entirety

Given that Plaintiffs' two (2) federal claims cannot survive the instant Motion to Dismiss, this Court should respectfully decline to exercise personal jurisdiction over Plaintiffs' NYLL claims, and dismiss the Complaint in its entirety.

### iv.    Jonathan Toubin Is Improperly Pled in this Action

Alternatively, if the Court finds favorably for the Plaintiffs' through the exercise of supplemental jurisdiction (which it should not), Individual Defendant Jonathan Toubin should still be dismissed from the action because he was never Plaintiffs' "employer."

### B. Any Anticipated Discovery is Unduly Burdensome

As to the "breadth of discovery, and the burden of responding to it", courts consider the volume of discovery sought and the costs involved in responding to subpoenas and discovery requests. *See Mulligan,* 2018 WL 8014320 at *3. *See also Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113 (E.D.N.Y. 2006). Where the discovery sought covers a considerable timespan, and third-party discovery is anticipated, the burden imposed increases. *See Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 WL 6883529, at *3 (E.D.N.Y. 2014) (finding that "the burdens of discovery are considerable" based in part on the fact that plaintiff's discovery request sought documents spanning many years).

In *Chesney* the Court noted that the complaint named "sixteen [ ] entities or individuals" in finding that "[t]o set a discovery schedule and require all of the named defendants, institutional and individual, to participate would, in my opinion, be unreasonable and inappropriate under the circumstances presented here." *Chesney*, 236 F.R.D. at 116. Instead, the court noted that "[b]y waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated, as to certain named defendants here." *Id*. The same considerations apply here.

Should discovery proceed in the ordinary course, twelve (12) Plaintiffs would presumably seek discovery from seven (7) defendants, that operate six (6) bars and live music venues. The time span at-issue covers the period between 2015 through the present date [*Compl.* at ¶¶ 90-91, 111-112, 146-148, 166, 188-189, 230, 232, 268, 269, 289, 316, 337], *i.e.,* a period of nine (9) years. Plaintiffs have also pled this case as a class and collective action. [*Id*. at ¶¶ 362-370]. Plaintiffs

---

[2] *To wit*: (i) Plaintiff Lea's gap-time claim for unpaid training sessions, in an unspecified week in "May 2021" [*Compl.* at ¶¶ 122, 123]; (ii) Plaintiff Daniels' non-existent tip-theft claims, from 2015 through October 2021 [*id.* at ¶¶ 146, 149]; (iii) Plaintiff Mason's gap-time claim for unpaid training sessions, in an unspecified week in August 2020 and October 2021 [*id.* at ¶¶ 166, 169]; and (iv) Plaintiff Fromer's gap-time claim for an unpaid training session, in an unspecified week in October 2021 [*id.* at ¶ 302, 307].

seek to have a class of: "[a]ll persons whom Defendants employ and have employed who are/were bartenders, servers, barbacks and coat check attendants and other comparable tipped positions at any time since October 23, 2017. [*Id.* at ¶ 362]. Inevitably, this would mean that discovery will be broad. *Cf. J& G Invs., LLC v. Fineline Props., Inc.,* 2007 WL 928642, at *5 (N.D. Ohio 2007) ("It makes sense to stay discovery in a class action pending resolution of motions to dismiss which might resolve the entire case.")

This is the case where any anticipated discovery would be broad and, and unduly burdensome. Discovery should respectfully be stayed.

### C.  The Avoidance of Prejudice Militates in Favor of a Stay

As to the third factor, Federal Courts have recognized the potential negative impact of a stay of discovery, and the risk of unfair prejudice it poses to the opposing party. *Mulligan,* 2018 WL 8014320 at *3; *see also Bethpage Water Dist.*, 2014 WL 6883529, at *3 ("any marginal impact on the evidence and/or memories of witnesses does not outweigh the substantial burden and expense of conducting time-consuming fact and expert discovery on all issues in this case pending a decision on a potentially dispositive motion.")

This is not a legitimate concern here given that the key factual issues requiring discovery are established through time and payroll records, which Defendants have maintained and preserved. Moreover, courts generally find no prejudice where an action is still in its early stages. *See, e.g., Giminez,* 2012 WL 2861014, at *2 (finding "little prejudice" given the case's infancy); *see also O'Sullivan*, 2018 WL 1989585, at *9 (explaining that "the passage of a reasonable amount of time without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery."). Accordingly, the third factor weighs in favor of granting a stay.

Accordingly, the avoidance of prejudice weighs in favor of a stay.

### III.     Conclusion

For the foregoing reasons, it is respectfully requested that the Court stay all discovery pending the resolution of Defendants' Motion to Dismiss.

Thank you, in advance, for your time and attention to this matter.

After reviewing both parties' letters, the stay request is DENIED. If Defendants intended to move to stay discovery, then they should have expeditiously moved to dismiss this case or moved for a stay. They didn't, and so it is reasonable at this juncture to adopt the parties' proposed schedule--which affords the parties seven additional months of time--and continue with discovery while the Court evaluates Defendants' motion.
SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 26, 2024

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By:  */s/ Jason Mizrahi*
    Jason Mizrahi, Esq.
    60 East 42nd Street, Suite 4700
    New York, New York 10165
    Tel. No.:  (212) 792-0048
    Email: Jason@levinepstein.com
    *Attorneys for Defendants*

4