**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X

Natasha Van Duser, Jackson Lea, Charlotte Mason, Tristan Hsu, Morgann Daniels, America Rose Marvelous Herve, Ryan Mickelsen, Kayl Ward, Stephanie Ospina, Zoë Fromer, Nicole Irrizarry and Julieta Winters, *individually and on behalf of all others similarly situated*,

Case No.: 23-cv-09329

Hon. Arun Subramanian, U.S.D.J.

*Plaintiffs*,

-*against*-

Tozzer Ltd. d/b/a Niagara NYC and Lovers of Today, Lapizza Shop, inc., d/b/a 96 Tears, Berlin and Cabin Down Below, Bowery Tech Restaurant LLC d/b/a Bowery Electric, Jonathan Toubin, Joshua Yerington a/k/a "Johnny T", Jesse Malin, and Laura McCarthy, Jointly and Severally,

*Defendants*.
-------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0048
Email:   Jason@levinepstein.com
          Joshua@levinepstein.com
*Attorneys for Defendants*

Dated:  New York, New York
          June 5, 2024

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................................iii

**PRELIMINARY STATEMENT** ..................................................................................................... 1

**RELEVANT FACTUAL BACKGROUND** ..................................................................................... 4

    I.    Plaintiffs' Tip-Theft Claims ..................................................................................... 4

    II.   Plaintiffs' Gap-Time Claims ................................................................................... 5

**LEGAL STANDARD** ..................................................................................................................... 6

    I.    Legal Standard for Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6) ................................. 6

    II.   Legal Standard for Article III Standing Under Fed.R.Civ.P. 12(b)(1) and 12(h)(3) ........... 7

**ARGUMENT** ................................................................................................................................. 7

    I.    The First Cause of Action Must be Dismissed Because the FLSA Does not Provide a Cause of Action for the Unlawful Retention of Tips ........................................................ 7

    II.   The Second Cause of Action Must be Dismissed Because the FLSA Does Not Provide a Cause of Action for Plaintiffs' "Gap-Time" Claims ........................................................ 9

    III.  In Any Event, the FLSA's Two-Year Statute of Limitations Should Apply ...................... 11

            A.   Plaintiffs' Conclusory Allegations of "Willfulness" are Tied to Non-Existent Causes of Action ................................................................................................ 11

            B.   Plaintiffs Have Not Adequately Pled that Defendants "Willfully" Violated the FLSA under the *Whiteside* Pleading Standard ...................................................... 12

            C.   Plaintiffs' Conclusory Allegations Fall Outside the FLSA's Two-Year Statute of Limitations ......................................................................................................... 13

    IV.  The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' NYLL Claims and Dismiss the Amended Complaint in its Entirety ........................................... 13

            A.   The Dismissal of the FLSA Claims Militates Towards the Dismissal, Without Prejudice, of Plaintiffs' State Law Claims ....................................................... 14

B.  The Court Should Decline to Exercise Supplemental Jurisdiction, Even, Assuming *Arguendo*, the FLSA Claims are not Dismissed .......................................................... 15

C.  Plaintiffs Lack Standing to Pursue Their WTPA and Manual Worker's Claims ....... 16

V.  Plaintiffs' Claims Against Jonathan Toubin Should be Dismissed ................................... 17

A.  "Employer Liability" under the FLSA and NYLL ....................................................... 18

B.  Jonathan Toubin is not Plaintiffs' Employer ............................................................... 19

**CONCLUSION** .............................................................................................................................. **20**

ii

# TABLE OF AUTHORITIES

**Cases**

*Abuladze v. Apple Commuter Inc.*,
2024 WL 1073121 (S.D.N.Y. 2024)…………………………………………………...13

*Alfonso v. Mougis Logistics Corp.*,
2021 WL 5771769 (S.D.N.Y. 2021) …………………………………………………..11

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ………………………………………………...……………..6, 7

*Azeez v. Ramaiah*,
2015 WL 1637871 (S.D.N.Y. 2015) ……………………………………………………2, 8

*Baldia v. RN Express Staffing Registry LLC*,
633 F. Supp 3d 693 (S.D.N.Y. 2022) ……………………………………………...9, 10, 11

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
537 F.3d 132 (2d Cir. 2008) …………………………………………...................18

*Brain v. Execu-Search Group, LLC*,
2024 WL 838085 (S.D.N.Y. 2024) …………………………………………………..12, 13

*Bravo v. Established Burger One LLC*,
2013 U.S. Dist. LEXIS 146237 (S.D.N.Y. 2013) …………………………………………...19

*Cartagena v. Sixth Ave. W. Assoc. LLC*,
2023 WL 6318170 (S.D.N.Y. 2023) …………………………………………………..17

*Carter v. Dutchess Community College*,
735 F.2d 8 (2d Cir. 1984) …………………………………………….…………18

*Chavis v. Chappius,*
618 F.3d 162 (2d Cir. 2010) …………………………………………….………...6

*Christensen v. Harris Cnty.*,
529 U.S. 576 (2000) …………………………………………….....................8, 9

*Detweiler v. Robert Bump Constr., LLC*,
2024 WL 1018588  (S.D.N.Y. 2024) ………………………………………………13

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010) …………………………………………...………..4

*Fangrui Huang v. GW of Flushing I, Inc.*,
    2019 WL 145528 (E.D.N.Y. 2019) …………………………………………………11

*Franck v. New York Health Care, Inc.*,
    2022 WL 4363855 (S.D.N.Y. 2022) ……………………………………………..11

*Geraldes v. Spanish Dance Arts Company, Inc. et al,*
    Case No.: 1:23-cv-03925-AS (S.D.N.Y. 2024) ………………………………………17

*Hart v. Crab Addison, Inc.*,
    2014 WL 2865899 (W.D.N.Y. 2014) …………………………………………………11

*Huer Huang v. Shanghai City Corp.*,
    459 F. Supp. 3d 580 (S.D.N.Y. 2020) ………………………………………………20

*Irizarry v. Catsimatidis*,
    722 F.3d 99 (2d Cir. 2013) …………………………………………………...18, 20

*Kwan v. Sahara Dreams Co. II Inc.*,
    2018 U.S. Dist. LEXIS 213782 (S.D.N.Y. 2018) ………………………………………...18

*Lamont v. Frank Soup Bowl, Inc.*,
    2001 WL 521815 (S.D.N.Y. 2001) …………………………………………………15

*Lin v. Comprehensive Health Mgmt.*,
    2009 WL 976835 (S.D.N.Y. 2009) …………………………………………………..18, 20

*Lopez v. Thermo Tech Mech. Inc.*,
    20-cv-9113-LTS-BCM (S.D.N.Y. 2023) ………………………………………………...16

*Lundy v. Catholic Health Sys. of Long Is. Inc.*,
    711 F3d 106 (2d Cir. 2013) ………………………………………………………2, 3, 9, 10

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) …………………………………………………………7

*McCollum v. Baldwin*,
    2023 WL 5392684 (S.D.N.Y. 2023) ………………………………………………..19

*Metcalf v. TransPerfect Translations Int'l, Inc.*,
2022 WL 4661926 (S.D.N.Y. 2022) …………………………………………………..7, 16

*Momin v. Quantierra Advisors LLC*,
2022 WL 2002282 (S.D.N.Y. 2022) …………………………………………………..15

*Ogleton v. City of New York*,
2023 WL 2731735 (S.D.N.Y. 2023) …………………………………………………..15

*Orellana v. Real Innovative Constr., LLC*,
2020 WL 13469284 (S.D.N.Y. 2020) …………………………………………..18, 20

*Sanchez v. Ms. Wine Shop Inc.*,
2022 WL 17368867 (E.D.N.Y. 2022) …………………………………………………16

*Shi v. TL & CG Inc.*,
2022 WL 2669156 (S.D.N.Y. 2022) …………………………………………………..17

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) ……………………………………………..…………………16

*Tortorici v. Bus-Tev, LLC*,
2021 WL 4177209 (S.D.N.Y. 2021) …………………………………………………..14

*TransUnion LLC v. Ramirez*,
594 U.S. 413(2021) …………………………………………………......................16

*Trinidad v. Fret A Manger (USA) Ltd.*,
962 F.Supp.2d 545 (S.D.N.Y. 2013) …………………………………………………8, 9

*U.S. ex rel. Siegel v. Roche Diagnostics Corp.*,
988 F.Supp.2d 341 (E.D.N.Y. 2013) …………………………………………………....6

*Vast v. Credico (USA) LLC*,
2016 WL 4147241 (S.D.N.Y. 2016) …………………………………………………..20

*Weng v. HungryPanda US, Inc.*,
2022 WL 292799 (S.D.N.Y. 2022) …………………………………………………2, 8, 20

*Whiteside v. Hover-Davis*,
995 F.3d 315 (2d Cir. 2021) …………………………………………….......*passim*

*Widjaja v Kang Yue USA Corp.*,
2011 WL 4460642 (E.D.N.Y. 2011) …………………………………………………2, 8

**Statutes**

12 N.Y.C.R.R. § 146-3.5 ........................................................................................ 10

28 U.S.C.A. § 1367(c)(2) ....................................................................................... 15

29 C.F.R. § 778.104 .............................................................................................. 10

29 C.F.R. § 778.109 .............................................................................................. 10

29 U.S.C. § 203(d) ................................................................................................ 18

29 U.S.C. § 206 ...................................................................................................... 2

29 U.S.C. § 206(a)(1)(C) ........................................................................................ 9

29 U.S.C. § 207 ...................................................................................................... 2

29 U.S.C. § 216(b) .................................................................................................. 8

29 U.S.C. § 255(a) ................................................................................................ 12

Fed.R.Civ.P. 15(a)(1)(A) ......................................................................................... 1

Fed.R.Civ.P. 15(a)(1)(B) ......................................................................................... 1

Fed.R.Evid. 201 (b) ............................................................................................... 19

Defendants Tozzer Ltd., Lapizza Shop, Inc., Bowery Tech Restaurant LLC, Jonathan Toubin, Joshua Yerington a/k/a "Johnny T," Jesse Malin, and Laura McCarthy (collectively, the "Defendants"), by and through the undersigned counsel, Levin-Epstein & Associates, P.C., respectfully submit this Memorandum of Law, together with the Declaration of Jason Mizrahi, Esq., (the "Mizrahi Decl."), and the exhibits annexed thereto, in support of Defendants' motion to dismiss the first amended complaint, filed on May 17, 2023 [Dckt. No. 39] (the "Amended Complaint" or the "FAC") by Plaintiffs Natasha Van Duser ("Van Duser"), Jackson Lea ("Lea"), Charlotte Mason ("Mason"), Tristan Hsu ("Hsu"), Morgann Daniels ("Daniels"), America Rose Marvelous Herve ("Herve"), Ryan Mickelsen ("Mickelsen"), Kayl Ward ("Ward"), Stephanie Ospina ("Ospina"), Zoë Fromer ("Fromer"), Nicole Irrizarry ("Irrizarry") and Julieta Winters ("Winters", and collectively, the "Plaintiffs"), pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 12(b)(1), 12(b)(6), and 12(h)(3) (the "Motion to Dismiss"), and as grounds thereto respectfully state as follows:

## PRELIMINARY STATEMENT

Pursuant to Fed.R.Civ.P. 15(a)(1)(A), Plaintiffs were free to amend the initial complaint on or before January 12, 2024. *See* Fed.R.Civ.P. 15(a)(1)(A). Pursuant to Fed.R.Civ.P. 15(a)(1)(B), Plaintiffs were free to amend the initial complaint, again, on or before May 12, 2024. *See* Fed.R.Civ.P. 15(a)(1)(B); *see also FAC* at ¶ 7. Pursuant to the Court's April 25, 2024 Civil Case Management Plan and Scheduling Order [Dckt. No. 33 at ¶ 4], Plaintiffs were free to amend their pleading, again, on or before May 3, 2024. *Id*. Despite *three* opportunities to plausibly state a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the current iteration of Plaintiffs' Amended Complaint suffers the same fatal defects as its predecessor. As set forth more fully below, the Amended Complaint is fatally flawed, and should be dismissed.

1

Plaintiffs' sprawling 55-page, 455-paragraph, Amended Complaint contains nine (9) causes of action, of which, only two (2) invoke the Court's subject matter jurisdiction, under the FLSA. Plaintiffs' two (2) causes of action arising under the FLSA allege that: (i) certain Plaintiffs' gratuities were withheld [*FAC* at ¶¶ 398-411]; and (ii) certain Plaintiffs are owed gap-time wages for occasionally performing training, and for performing pre- and post-shift activities. [*Id.* at ¶¶ 412-419]. For nearly two (2) decades, Courts in this Circuit have held that the FLSA does not provide a cause of action for either withheld gratuities or unpaid gap-time. It is axiomatic that the FLSA mandates only the payment of minimum wages and overtime wages. *See* 29 U.S.C. §§ 206; 207. Therefore, Plaintiffs' FLSA claims must be dismissed, and this Court lacks subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6), and 12(h)(3).

First, it is well-settled that there is no federal cause of action for the unlawful retention of tips. Section 203(m) of the FLSA imposes *conditions* on taking a tip credit – it does not state freestanding requirements pertaining to all tipped employees. The case law here is legion. *See Weng v. HungryPanda US, Inc.,* 2022 WL 292799 (S.D.N.Y. 2022) (dismissing tip-theft claim under 29 U.S.C. § 203(m)(2)(B)); *Azeez v. Ramaiah*, 2015 WL 1637871, at *6-7 (S.D.N.Y. 2015) (same); *Widjaja v. Kang Yue USA Corp*., 2011 WL 4460642 (E.D.N.Y. 2011). Therefore, Plaintiffs' allegations do not amount to an independent violation of the FLSA, as asserted in the First Cause of Action.

Second, it is well-settled that the FLSA does not provide a cause of action for unpaid gap-time. *See Lundy v. Catholic Health Sys. of Long Is. Inc*., 711 F3d 106, 116 (2d Cir. 2013). "A gap-time claim is one in which an employee has not worked 40 hours in a given week but seeks recovery of unpaid time worked, or in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid work under 40 hours." *Id*. at 115. In the Second Circuit, as

2

long as an employee is being paid at the minimum wage or higher, the FLSA "does not provide recourse for unpaid hours below the 40-hour threshold…" *Id*. at 116. Under what has become known as the *Klinghoffer* rule, no minimum wage violation occurs so long as the total wage paid to an employee in any given workweek divided by the total hours worked in the workweek equals or exceeds the applicable minimum wage (hereinafter referred to as the "*Klinghoffer* rule"). In the absence of a plausible minimum wage claim under 29 U.S.C. § 206(a), Plaintiffs' Second Cause of Action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6), and 12(h)(3).

Assuming, *arguendo*, Plaintiffs' FLSA claims are not dismissed for failure to state a claim (as they should be), they should still be dismissed as time-barred. Plaintiffs' conclusory allegations that Defendants "willfully" violated the FLSA are exclusively predicated on Plaintiffs' tip-theft claims – for which the FLSA does not provide a recovery. Moreover, these conclusory allegations are insufficient to meet the pleading standard reestablished by the Second Circuit in *Whiteside v. Hover-Davis*, 995 F.3d 315 (2d Cir. 2021).

Given that Plaintiffs' two (2) federal claims cannot survive the instant Motion to Dismiss, this Court should respectfully decline to exercise personal jurisdiction over Plaintiffs' NYLL claims, and dismiss the Amended Complaint in its entirety. Plaintiff's seven (7) causes of action under the NYLL also substantially predominate over the two (2) FLSA claims, such that the exercise of supplemental jurisdiction would be inappropriate. Moreover, Plaintiffs lack standing to pursue claims for statutory violations of NYLL §§ 191 and 195. Therefore, Plaintiffs' NYLL claims should be dismissed, without prejudice.

Alternatively, if the Court finds favorably for Plaintiffs through the exercise of supplemental jurisdiction (which it should not), Individual Defendant Jonathan Toubin should still be dismissed from the action because he was never Plaintiffs' "employer".

3

## RELEVANT FACTUAL BACKGROUND[1]

Plaintiffs are a group of twelve (12) individuals who allegedly worked at Defendants' bars and live music venues as bartenders, servers, barbacks or coat check attendants. Plaintiffs admit that they were paid $10.00 per hour (*i.e.,* above the prevailing federal minimum wage of $7.25 per hour). [*FAC* at ¶¶ 56, 105, 140, 169, 202, 222, 248, 269, 286, 332, 353, 374]. Plaintiffs further admit that they clocked in and out when they started and stopped working. [*Id.* at ¶¶ 72, 108, 143, 172, 231, 290, 374]. However, certain Plaintiffs allege that they are: (i) owed unpaid credit card tips; and (ii) gap-time wages for occasionally performing training, attending staff meetings[2], and for performing pre- and post-shift activities. As set forth more fully herein, these allegations are insufficient, as a matter of law, to state a claim under the FLSA.

### I.     Plaintiffs' Tip-Theft Claims

Plaintiffs Van Duser, Daniels, Hsu, Mickelson, Irrizarry and Winters allege to have been part of an unlawful tip-pool arrangement. [*Id.* at ¶¶ 61-63, 118, 181, 227, 232, 273, 360, 365]. These six (6) Plaintiffs believe that they were required to pool their tips with Defendants' managers, and as a result, received some, but not all, of their credit card tips. [*Id.*]. These Plaintiffs' allegations are based on unspecified conversations, between unspecified individuals, on unspecified dates and times. [*Id.* at ¶¶ 118, 181, 365]. Despite the fact that Plaintiff Mickelson was allegedly employed as a manager [*id.* at ¶ 253], the Amended Complaint does not specify which

---

[1] For purposes of this Motion to Dismiss, the material factual allegations set forth in the Amended Complaint are assumed true and will form the basis for the statement of facts herein. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). However, should Defendants' Motion be denied, in whole or in part, Defendants intend to vigorously contest the "facts" asserted in the Amended Complaint.

[2] The Amended Complaint concedes that Plaintiffs are not seeking unpaid gap-time for attending staff meetings. [*FAC* at ¶ 418]. However, in the interest of completeness, Defendants will address Plaintiffs' allegations regarding staff meetings, as well.

managers were part of this tip-pool, the amount of credit card tips supposedly withheld, or any specific information about how credit card tips are distributed.  [*Id*. at ¶¶ 61, 63, 118, 181, 227, 273, 360, 365].

## II.    Plaintiffs' Gap-Time Claims

Certain Plaintiffs allege that they are owed gap-time wages for occasionally performing training, and for performing pre- and post-shift activities. [*Id*. at ¶ 418]. The Amended Complaint alleges that:

1. Each Plaintiff was allegedly required to attend a mandatory, unpaid, training session. [*Id.* at ¶¶ 82, 102, 112, 131, 132, 164, 185, 197, 203, 218, 235, 251, 260, 274, 281, 298, 308, 328, 334, 348, 368, 379];

2. Plaintiffs Daniels, Mason and Fromer were allegedly required to complete unpaid TIPS alcohol safety training. [*Id.* at ¶¶ 84, 165, 167, 168, 174, 191, 197, 329, 334];

3. Plaintiffs Daniels and Mason were allegedly required to complete unpaid sexual harassment training. [*Id.* at ¶¶ 86, 166-168, 174, 191, 197];

4. Plaintiffs Van Duser, Lea, Mason, Hsu, Mickelsen, Ospina, Fromer, Irrizarry and Winters were allegedly required to attend mandatory, unpaid, staff meetings. [*Id.* at ¶¶ 83, 104, 112, 133, 134, 186, 198, 219, 265, 274, 306, 307, 309, 327, 333, 349, 369, 380]; and that

5. Plaintiffs Van Duser, Lea, Daniels, Mason, Hsu, Ward, Ospina Fromer, Irrizary and Winters were allegedly required to perform pre- and post-shift activities, without pay. [*Id.* at ¶¶ 70, 71, 74, 110, 145, 171, 201, 230, 231, 288, 312, 324, 341, 359, 385].

As set forth more fully in § II, *infra,* the Amended Complaint omits critical information needed to quantify Plaintiffs' true rates of compensation under the *Klinghoffer* rule, *to wit*: the dates, or lengths of time, that Plaintiffs actually: (i) performed training; (ii) attended staff meetings; (iii) performed uncompensated pre-shift activities; (iv) or performed uncompensated post-shift activities. Nor does the Amended Complaint specify Plaintiffs': (i) total compensation; or (ii) total hours worked, in the specific, standalone, workweek(s) that they are allegedly owed gap-time.

**LEGAL STANDARD**

**I.      Legal Standard for Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6)**

To survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* at 678. But, a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.,* 988 F.Supp.2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.,* 570 F.3d 471, 475 (2d Cir. 2009)). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted); *see Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") If well-pleaded factual allegations are present in the complaint, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (internal citations omitted). Factual allegations, however, "that are 'merely consistent

6

with' a defendant's liability…'stop short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (internal citations omitted).

## II.   Legal Standard for Article III Standing Under Fed.R.Civ.P. 12(b)(1) and 12(h)(3)

Fed.R.Civ.P. 12(h)(3) directs courts to dismiss an action at any time if the court deems that it lacks subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h). "The same standards govern a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) and 12(h)(3)" and the same standards are applicable to both types of motion. *Metcalf v. TransPerfect Translations Int'l, Inc.*, 2022 WL 4661926, at *9 (S.D.N.Y. 2022). A case should be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

## **ARGUMENT**

## I.   The First Cause of Action Must be Dismissed Because the FLSA Does not Provide a Cause of Action for the Unlawful Retention of Tips

The First Cause of Action alleges the unlawful retention of tips in violation of 29 U.S.C. § 203(m)(2)(B). [*FAC* at ¶¶ 398-411]. Plaintiffs Van Duser, Daniels, Hsu, Mickelson, Irrizarry and Winters allege to have been part of an unlawful tip-pool arrangement. [*Id.* at ¶¶ 61-63, 118, 181, 227, 273, 360, 365]. These six (6) Plaintiffs believe that they were required to pool their tips with Defendants' managers, and as a result, received some, but not all, of their credit card tips. [*Id.*]. Plaintiffs' claims are based on unspecified conversations, between unspecified individuals, on unspecified dates and times. [*Id.* at ¶¶ 118, 181, 365]. Despite the fact that Plaintiff Mickelson was allegedly employed as a manager [*id.* at ¶ 253], the Amended Complaint does not specify which managers were part of this tip-pool, the amount of tips supposedly withheld, or any specific information about how tips are distributed.  [*Id.* at ¶¶ 61-63, 118, 181, 227, 273, 360, 365].

7

Case law is legion: there is no federal cause of action for the unlawful retention of tips. *Weng,* 2022 WL 292799; *Azeez,* 2015 WL 1637871 at *6-7; *Trinidad v. Fret A Manger (USA) Ltd.,* 962 F.Supp.2d at 562; *Widjaja,* 2011 WL 4460642 at *3; *cf. Christensen v. Harris Cnty.,* 529 U.S. 576, 588 (2000). The FLSA provides a "right of action" against "[a]ny employer who violates the provisions of section 206," which establishes minimum wage obligations, "or section 207," which governs maximum hours and overtime compensation. 29 U.S.C. § 216(b). The provisions regarding tips appear in § 203, the definition section. *See id.* § 203(m) (defining "wage"). § 203(m) provides that an employer may claim a "tip credit" and pay a reduced minimum wage as long as the employer (1) informs the employee of the tipped minimum wage provisions, and (2) does not retain employees' tips or distribute them to non-tipped employees. *Id.* Section 203(m) thus "imposes *conditions* on taking a tip credit and does not state freestanding *requirements* pertaining to all tipped employees. A statute that provides that a person must do X in order to achieve Y does not mandate that a person must do X, period." *Azeez,* 2015 WL 1637871 at *6-7 (citing *Cumbie v. Woody Woo, Inc.,* 596 F.3d 577, 581 (9th Cir.2010)). Simply put, 29 U.S.C. §§ 216(b) and 203(m), are "not plausibly read to impose a nationwide freestanding code of conduct regarding the handling of tip money where the statute's minimum wage command is otherwise met," *Trinidad,* 962 F.Supp.2d at 562. "Had Congress intended to federalize tipping practices – *i.e.*, to mandate generally that tips are the property of the employee absent a valid tip-pool – it could and presumably would have expressed this intention without keying the tip-pooling requirements to the tip credit." *Id.*

Accordingly, District Courts in this Circuit have uniformly held that the FLSA simply does not provide a recovery for the unlawful retention of tips. *See Weng,* 2022 WL 292799 (dismissing tip-theft claim under 29 U.S.C. § 203(m)(2)(B)); *Azeez,* 2015 WL 1637871 at *6-7 (same);

*Trinidad*, 962 F.Supp.2d at 562  (holding that neither the DOL's regulations, nor the plain language of § 203(m), give rise to an independent right of action for tip-theft); *cf. Christensen*, 529 U.S. at 588 (unless the FLSA prohibits an employer from adopting a policy, that policy does not violate the FLSA).

Therefore, setting aside the conclusory, speculative nature of Plaintiffs' allegations, the Amended Complaint simply cannot set forth an independent violation of the FLSA, as asserted in the First Cause of Action.

**II.     The Second Cause of Action Must be Dismissed Because the FLSA Does Not Provide a Cause of Action for Plaintiffs' "Gap-Time" Claims**

Under the FLSA, covered employers are required to pay employees a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). In the Second Circuit, as long as an employee is being paid at the minimum wage or higher, the FLSA does not provide recourse for unpaid hours below the 40-hour threshold. *Lundy*, 711 F3d at 116. Put differently, "gap-time" claims are not recoverable under the FLSA. *Id*. Under the *Klinghoffer* rule, no minimum wage violation occurs so long as the total wage paid to an employee in any given workweek divided by the total hours worked in the workweek equals or exceeds the applicable minimum wage. *See, Baldia v. RN Express Staffing Registry LLC*, 633 F. Supp 3d 693, 712 (S.D.N.Y. 2022).

At all relevant times herein, Plaintiffs admit that they were paid $10.00 per hour (*i.e.,* above the prevailing federal minimum wage of $7.25 per hour). [*FAC* at ¶¶ 56, 105, 140, 169, 202, 222, 248, 269, 286, 332, 353, 374]. Plaintiffs further admit that they clocked in and out when they started and stopped working." [*Id.* at ¶¶ 72, 108, 143, 172, 231, 290, 374]. However, certain Plaintiffs allege that they are owed gap-time wages for occasionally performing training, and for performing pre- and post-shift activities. [*Id*. at ¶ 418]. The Amended Complaint alleges that:

1.  Each Plaintiff was allegedly required to attend a mandatory, unpaid, training session. [*Id.* at ¶¶ 82, 102, 112, 131, 132, 164, 185, 197, 203, 218, 235, 251, 260, 274, 281, 298, 308, 328, 334, 348, 368, 379];

2.  Plaintiffs Daniels, Mason and Fromer were allegedly required to complete unpaid TIPS alcohol safety training. [*Id.* at ¶¶ 84, 165, 167, 168, 174, 191, 197, 329, 334];

3.  Plaintiffs Daniels and Mason were allegedly required to complete unpaid sexual harassment training. [*Id.* at ¶¶ 86, 166-168, 174, 191, 197];

4.  Plaintiffs Van Duser, Lea, Mason, Hsu, Mickelsen, Ospina, Fromer, Irrizarry and Winters were allegedly required to attend mandatory, unpaid, staff meetings. [*Id.* at ¶¶ 83, 104, 112, 133, 134, 186, 198, 219, 265, 274, 306, 307, 309, 327, 333, 349, 369, 380]; and that

5.  Plaintiffs Van Duser, Lea, Daniels, Mason, Hsu, Ward, Ospina Fromer, Irrizary and Winters were allegedly required to perform pre- and post-shift activities, without pay. [*Id.* at ¶¶ 70, 71, 74, 110, 145, 171, 201, 230, 231, 288, 312, 324, 341, 359, 385].

Despite the assertion in the Amended Complaint to the contrary [*id.* at ¶ 416], Plaintiffs are – in fact – seeking gap-time wages in connection with their Second Cause of Action, because they are seeking "recovery for unpaid work under 40 hours." *Lundy*, 711 F3d at 115.

Plaintiffs' gap-time must be dismissed because the Amended Complaint omits critical information needed to quantify Plaintiffs' true rates of compensation under the *Klinghoffer* rule. *Baldia*, 633 F. Supp 3d at 712; *see also* 29 C.F.R. § 778.109; 12 N.Y.C.R.R. § 146-3.5. The Amended Complaint does not specify the dates, or lengths of time, that Plaintiffs actually: (i) performed training; (ii) attended staff meetings; (iii) performed uncompensated pre-shift activities; (iv) or performed uncompensated post-shift activities. Nor does the Amended Complaint specify Plaintiffs': (i) total weekly compensation; or (ii) total hours worked, in the specific, standalone, workweek(s) that they are allegedly owed gap-time. 29 C.F.R. § 778.104

Where, as here, plaintiffs have failed to allege their true rates of compensation within the meaning of the statute, their FLSA minimum wage claim must be dismissed. *Baldia*, 633 F. Supp

10

3d at 712 (dismissing FLSA minimum wage claim since the pleading never alleges that during any particular week, the average of the plaintiff's hourly wages was less than the federal minimum wage); *Alfonso v. Mougis Logistics Corp.,* 2021 WL 5771769, at *3 (S.D.N.Y. 2021); *Fangrui Huang v. GW of Flushing I, Inc.,* 2019 WL 145528, at *5 (E.D.N.Y. 2019); *Hart v. Crab Addison, Inc.*, 2014 WL 2865899, at *11 (W.D.N.Y. 2014). Plaintiffs' failure to state a claim for unpaid minimum wages necessitates the dismissal of the Second Cause of Action.

## III.    In Any Event, the FLSA's Two-Year Statute of Limitations Should Apply

Assuming, *arguendo,* Plaintiffs' FLSA claims are not totally dismissed for failure to state a claim (as they should be), they should be dismissed as time-barred, for two (2) reasons. First, Plaintiffs' conclusory allegations that Defendants "willfully" violated the FLSA are tied to their tip-theft claims, for which the FLSA does not provide a recovery. [*See* § I, *supra*]. Second, conclusory allegations are insufficient to meet the pleading standard reestablished by the Second Circuit in *Whiteside*, 995 F.3d at 315. Accordingly, to the extent that Plaintiffs' claims fall outside of the FLSA's two-year statute of limitations, they should be dismissed.

### A. Plaintiffs' Conclusory Allegations of "Willfulness" are Tied to Non-Existent Causes of Action

In support of their claims that Defendants "willfully" violated the FLSA, Plaintiffs simply allege that Defendants "willfully violated the FLSA by unlawfully retaining gratuities." [*Id.* at ¶ 3; *see also id.* at ¶¶ 403-411]. As set forth more fully in § I, *supra*, the FLSA does not provide a recovery for the unlawful retention of tips. [§ I, *supra*]. Thus, Plaintiffs cannot avail themselves of the FLSA's three-year statute of limitations by alleging a "willful" violation of a non-existent claim. The same reasoning would apply to Plaintiffs' unpaid gap-time claims, which are also unrecoverable under the FLSA. [*See* § II, *supra*]. *See Franck v. New York Health Care, Inc.,* 2022 WL 4363855, at *13 (S.D.N.Y. 2022) (allegations of non-existent gap-time claims disregarded as

11

"not relevant"). Consequently, Plaintiffs' claims are governed by the FLSA's two-year statute of limitations.

### B. Plaintiffs Have Not Adequately Pled that Defendants "Willfully" Violated the FLSA under the *Whiteside* Pleading Standard

Even if Plaintiffs' allegations were tied to plausible FLSA claims (which they are not), Plaintiffs have not provided anything beyond purely conclusory allegations that Defendants "willfully violated the FLSA by unlawfully retaining gratuities." [*See FAC* at ¶ 3; *see also id.* at ¶¶ 403-411]. These conclusory allegations are insufficient to meet the pleading standard reestablished by the Second Circuit in *Whiteside*. 995 F.3d at 315. As such, Plaintiffs' claims are governed by the FLSA's two-year statute of limitations.

The FLSA requires that an action for unpaid overtime compensation be commenced within two years of the inciting failure to pay. 29 U.S.C. § 255(a). A claimant can extend this window to three years, however, if they can show that the violation was willful. *Id*. In "adopt[ing] a two-tiered statute of limitations…Congress intended to draw a significant distinction between ordinary violations and willful violations" of the FLSA. *Brain v. Execu-Search Group, LLC*, 2024 WL 838085, at *4 (S.D.N.Y. 2024) (citation omitted). To sufficiently plead "willfulness," a plaintiff must assert with adequate factual allegations that the defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Whiteside*, 995 F.3d at 324. "A[] [mere] averment of 'willfulness,'" however, is "*precisely* the sort of legal conclusion that *Twombly* and *Iqbal* counsel must be supported by factual allegations at the pleading stage." *Id*. at 321 (emphasis original). Accordingly, "a court need not accept as true a plaintiff's conclusory allegation that a defendant willfully violated the FLSA." *Id.*

Plaintiffs' conclusory allegations that Defendants "willfully violated the FLSA by unlawfully retaining gratuities[,]" [*FAC* at ¶ 3; *see also id.* at ¶¶ 403-411] lack the degree of factual

specificity required under *Whiteside*. *See Detweiler v. Robert Bump Constr., LLC,* 2024 WL 1018588, at *2 (S.D.N.Y. 2024) (dismissing FLSA claims as time-barred, under *Whiteside*); *Brain*, 2024 WL 838085 at *4 (same) ; *Abuladze v. Apple Commuter Inc.*, 2024 WL 1073121, at *10 (S.D.N.Y. 2024) (same). Plaintiffs' threadbare recitals, supported by mere conclusory statements, are insufficient to permit a plausible inference that Defendants "knew or recklessly disregarded" whether their conduct violated the FLSA. *Whiteside*, 995 F.3d at 324. Accordingly, the FLSA's two-year statute of limitations governs Plaintiffs' FLSA claims.

## C. Plaintiffs' Conclusory Allegations Fall Outside the FLSA's Two-Year Statute of Limitations

As set forth more fully in §§ III (A) and (B), *supra*, Plaintiffs' claims are governed by the FLSA's two-year statute of limitations. The initial Complaint was filed on October 23, 2023. [*See* Dckt. No. 1]. Consequently, Plaintiffs' claims relating to pay periods before October 23, 2021 are time-barred. These claims include: (i) Plaintiff Van Duser's gap-time claim for unpaid training in an unspecified week, "around early March 2021" [*FAC* at ¶¶ 102, 112]; (ii) Plaintiff Lea's gap-time claim for unpaid training in an unspecified week, "in May 2021" [*id.* at ¶¶ 131, 132]; (iii) Plaintiff Daniel's gap-time claim for unpaid training in an unspecified week in "2015" [*id.* at ¶¶ 155, 164]; (iv) Plaintiff Mason's gap-time claim for unpaid training in an unspecified workweek in August 2020 and September 2021 [*id.* at ¶¶ 182, 185]; and (v) Plaintiff Former's gap-time claim for an unpaid training session, in an unspecified week in October 2021. [*Id.* at ¶¶ 328, 334]. Thus, even assuming, *arguendo,* Plaintiffs' FLSA claims are not totally dismissed for failure to state a claim (which they should be), Plaintiffs' claims should be dismissed as time-barred.

## IV. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' NYLL Claims and Dismiss the Amended Complaint in its Entirety

Plaintiffs invoke the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331 based on alleged violations of the FLSA. [*FAC* at ¶ 4*; see also* Dckt. No. 5 (Civil Cover Sheet) at p. 2].

Plaintiffs further invoke the Court's supplemental jurisdiction under 28 U.S.C.A § 1367. [*FAC* at ¶ 4]. As set forth more fully below, since Plaintiffs are not covered by the provisions of the FLSA, this Court lacks subject matter jurisdiction. Moreover, assuming *arguendo* that Plaintiffs have plausibly alleged a violation of the FLSA (which they have not), this Court should still decline to exercise supplemental jurisdiction over Plaintiffs' seven (7) NYLL claims. Therefore, the Amended Complaint must be dismissed.

**A. The Dismissal of the FLSA Claims Militates Towards the Dismissal, Without Prejudice, of Plaintiffs' State Law Claims**

In addition to their two (2) FLSA claims, Plaintiffs bring seven (7) claims under the NYLL. [*FAC* at ¶¶ 420-455]. Upon dismissal of Plaintiffs' FLSA claim for the reasons discussed in §§ I – III, *supra*, the Court should respectfully not exercise supplemental jurisdiction over Plaintiffs' NYLL claims.

Where, as recommended here, a district court dismisses all claims over which it has original jurisdiction, it "may decline to exercise supplemental jurisdiction" over state law claims. *Tortorici v. Bus-Tev, LLC,* 2021 WL 4177209, at *3 (S.D.N.Y. 2021) (citations omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id*. (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988)). Likewise here, jurisdiction should be declined over the remaining New York state law claims, which should be dismissed without prejudice. *See Whiteside*, 995 F.3d at 325 (court properly declined to exercise supplemental jurisdiction over state law claims when FLSA claims dismissed on statute of limitations grounds) (citation omitted).

14

Indeed, district courts have routinely decided not to exercise supplemental jurisdiction over a plaintiff's NYLL claims after dismissing FLSA claims, which were the only basis for original jurisdiction. *See, e.g.*, *Momin v. Quantierra Advisors LLC*, 2022 WL 2002282, at *3 (S.D.N.Y. 2022), *appeal dismissed*, 2023 WL 2375765 (2d Cir. 2023) (dismissing FLSA minimum wage claim where plaintiff was "manufactur[ing] federal jurisdiction" over garden variety NYLL and breach of contract disputes); *Ayres v. Shiver*, 2021 WL 3472655, at *2 (E.D.N.Y. 2021) (same) (and further noting plaintiff's failure to plead necessary information under 29 C.F.R. § 778.109 and 12 N.Y.C.R.R. § 146-3.5); *Ogleton v. City of New York*, 2023 WL 2731735, *7 (S.D.N.Y. 2023) (discussing discretionary vs. non-discretionary exercise of supplemental jurisdiction); *Lamont v. Frank Soup Bowl, Inc.*, 2001 WL 521815 (S.D.N.Y. 2001) ("[p]ut simply, this is not a case arising out of the FLSA or any other federal statute…[s]ince there is no federal jurisdiction...the complaint **must** be dismissed) (emphasis added). Accordingly, the Court should decline to exercise supplemental jurisdiction, and should dismiss the Amended Complaint in its entirety.

### B. The Court Should Decline to Exercise Supplemental Jurisdiction, Even, Assuming *Arguendo*, the FLSA Claims are not Dismissed

Section 1367 permits federal courts to decline to exercise supplemental when, *inter alia,* "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. *See* 28 U.S.C.A. § 1367(c)(2).

In this case, Plaintiffs seek to litigate seven (7) NYLL claims – spanning the course of six (6) years – on behalf of "more than [fifty] (50)" individuals [*FAC* at ¶ 390], in federal court as supplemental to their FLSA claims for withheld gratuities [*id.* at ¶¶ 398-411], and unpaid gap-time [*id.* at ¶¶ 415-419], which span a few, standalone, workweeks. [*Id.* at ¶¶ 412-419]. "Given the breath of the state law claims, many of which involve theories of harm distinct from those

15

underlying the alleged FLSA violations, and the size of the class Plaintiffs seek to draw into this action, the state issues would appear to 'constitute the real body' of this case, to which the individualized FLSA claims are 'only an appendage.'" *Lopez v. Thermo Tech Mech. Inc*., 20-cv-9113-LTS-BCM, Dckt. No. 124 at p. 5 (S.D.N.Y. 2023) (citations omitted) (ordering plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction, as a result of the substantial predominance of state law claims); *see also* Mizrahi Decl. at ¶ 11 [Ex. G].

### C.  Plaintiffs Lack Standing to Pursue Their WTPA and Manual Worker's Claims

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Plaintiffs cannot simply "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*. If the statutory violation involves "informational injury," the plaintiff must identify "downstream consequences from failing to receive the required information" because "informational injury that causes no adverse effects cannot satisfy Article III." *TransUnion LLC v. Ramirez,* 594 U.S. 413, 442 (2021).

Since the Supreme Court issued its decision in *TransUnion*, federal courts in New York have consistently found that plaintiffs do not have standing under Article III to bring claims in federal court for alleged violations of NYLL §§ 191, 195(1) or 195(3). *See, e.g., Sanchez v. Ms. Wine Shop Inc*., 2022 WL 17368867, at *9 (E.D.N.Y. 2022) (dismissing NYLL Section 195(3) claim for lack of standing were the plaintiff "merely allege[d] that '[d]efendants failed to provide [p]laintiff with wage statements, upon each payment of his wages, as required by NYLL § 195(3)'"); *Metcalf,* 2022 WL 4661926, at *16  (finding plaintiffs lacked standing to bring claims under NYLL § 195 where the plaintiffs' complaint "d[id] not allege that Plaintiffs even read the wage statements or relied on them in any way, or that the wage statements caused Plaintiffs confusion or distress.").

Plaintiffs have not (and cannot) allege that they suffered any "downstream consequences" from Defendants' alleged failure to issue time of hire notices, wage statements, or to pay wages on a weekly basis, such that Plaintiffs have been injured beyond the statutory violations themselves. Even if such allegations were true (which they are not), such alleged failure did not cause Plaintiffs any injury-in-fact that would be sufficient to confer standing. Plaintiffs' allegations that the "temporary deprivation of money [under NYLL § 191]…constitutes a tangible injury" [*FAC* at ¶ 450], and that they "would have been able to avoid underpayment of their wages[,]" [*Id.* at ¶ 80] had they been given wage notices and statements, fall flat. This Court has previously rejected these same arguments. *Geraldes v. Spanish Dance Arts Company, Inc. et al,* Case No.: 1:23-cv-03925-AS, at Dckt. No. 35 (S.D.N.Y. 2024)*;* Mizrahi Decl. at ¶ 12 [Ex. H]; *Cartagena v. Sixth Ave. W. Assoc. LLC*, 2023 WL 6318170, at *1 (S.D.N.Y. 2023) (dismissing third cause of action for violation of WTPA and NYLL § 191); *Shi v. TL & CG Inc.*, 2022 WL 2669156, at *9 (S.D.N.Y. 2022) (delay in discovering alleged underpayment does not create an injury-in-fact). Accordingly, Plaintiff lacks standing to bring claims for alleged violations of NYLL §§ 191 and 195, and such claims must be dismissed.

## V.    Plaintiffs' Claims Against Jonathan Toubin Should be Dismissed

Assuming, *arguendo*: (i) Plaintiffs *have* articulated a plausible minimum wage claim under the *Klinghoffer* rule (they have not); (ii) Plaintiffs FLSA claims are timely, under *Whiteside* (they are not); and (iii) to the extent that the Court finds favorably for Plaintiffs through the exercise of supplemental jurisdiction (which it should not), Jonathan Toubin should be completely dismissed from the action. As set forth more fully below, the Amended Complaint fails to allege sufficient facts that Jonathan Toubin was Plaintiffs' employer under the FLSA or the NYLL.

### A. "Employer Liability" under the FLSA and NYLL

Individual liability under the FLSA and NYLL extends only to persons who are found to be a plaintiff's employer, *i.e.*, a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This determination is "grounded in economic reality rather than technical concepts, determined by reference not to isolated factors, but rather upon the circumstances of the whole activity." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (internal quotations omitted). Courts in this Circuit consider a number of factors to determine individual liability, including whether the individual "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984); *see also Lin v. Comprehensive Health Mgmt.*, 2009 WL 976835, at \*2 (S.D.N.Y. 2009) (stating that the "same analysis" applies when evaluating alleged employer-employee relationships under the FLSA and NYLL). Courts also examine the scope of the individual's "operational control" over "employment-related factors such as workplace conditions and operations, personnel, or compensation" as well as the individual's "potential power" over employees. *Irizarry v. Catsimatidis*, 722 F.3d 99, 106-12 (2d Cir. 2013). Mere conclusory assertions, however, are insufficient to adequately plead" a claim under both the formal and functional tests. *Orellana v. Real Innovative Constr., LLC*, 2020 WL 13469284, at \*7 (S.D.N.Y. 2020) (granting motion to dismiss where plaintiffs only alleged that defendants had authority to "fire plaintiffs," "supervise[d] and direct[ed] plaintiffs' work," "had knowledge of plaintiffs pay rates," and that plaintiffs used "[d]efendants['] premises and equipment for their work") (quotation omitted); *see also Kwan v. Sahara Dreams Co. II Inc.*, 2018 U.S. Dist. LEXIS 213782, at \*10 (S.D.N.Y. 2018)

18

(doing the same as to plaintiff's conclusory factual allegations supporting joint control); *Bravo v. Established Burger One LLC*, 2013 U.S. Dist. LEXIS 146237, at *18 (S.D.N.Y. 2013) ("Courts in this circuit have held that "mere boilerplate allegations that an individual meets the various prongs of the economic reality test" are insufficient to survive a motion to dismiss.") (quotation omitted).

### B. Jonathan Toubin is not Plaintiffs' Employer

Jonathan Toubin is an acclaimed New York City DJ, record producer, musician, and writer. [*See* Mizrahi Decl. at ¶ 4]. His career, and accomplishments, have been highlighted by Rolling Stone, the New York Times, the New Yorker, the Wall Street Journal, among many other publications. [*Id.* at ¶¶ 5-10]. It is appropriate for the Court to take judicial notice of Jonathan Toubin's artistic career under Federal Rule of Evidence 201(b) and (c). *See* Fed.R.Evid. 201 (b), (c); *see also McCollum v. Baldwin*, 2023 WL 5392684, at *1, fn.2 (S.D.N.Y. 2023).

In support of the unbelievable proposition that Jonathan Toubin was Plaintiffs' "employer", the Amended Complaint simply alleges, that:

1. "[U]pon information and belief, [Jonathan Toubin] owns, operates and controls…[the] day-to-day operations and management" of Defendants' Bars [*FAC* at ¶ 25];

2. "[U]pon information and belief, [Jonathan Toubin]…had the authority to hire and fire employees, set their work schedule and pay." [*Id.*].

Plaintiffs fail to provide any concrete factual assertions with respect to Plaintiffs' employment to support these conclusory allegations. Instead, Plaintiffs merely state that:

1. "When Defendants Jonathan Toubin, Laura McCarthy, Johnny Yerrington [*sic*] and Jesse Malin come to their bars, they often tell their employees what to do and how to do it. They will also sometimes call one of the employees working at the bars and yell at them what to do and how to do it." [*Id.* at ¶ 54].

2. "Jonathan Toubin, Johnny Yerrington [*sic*] and Jesse Malin often came to Niagara, would see Plaintiff Lea and tell him what to do." [*Id.* at ¶ 138].

3. "Jonathan Toubin, Johnny Yerrington [*sic*] and Jesse Malin would attend the staff meetings that Plaintiff Lea attended and would talk about how to operate the bars." [*Id.* at ¶ 139].

19

4. "Defendants Jonathan Toubin and Jesse Malin would come to at [*sic*] Niagara and 96 Tears when Plaintiff Hsu was there and would tell him what to do around the bar." [*Id.* at ¶ 212].

5. "Plaintiff Mickelsen would see Defendants Jonathan Toubin and Jesse Malin at the bars, and they would give various directions on things they want done, including how loud the music should be." [*Id.* at ¶ 263].

6. "Plaintiff Ward would see Defendants Jonathan Toubin and Jesse Malin at the bars, and they would give various directions on things they want done." [*Id.* at ¶ 283].

7. "Defendants [*sic*] Jonathan Toubin…would tell Plaintiff Ward to fix the lights, fix the fans and to change the music." [*Id.*].

Courts in this District have "routinely dismissed" complaints containing similar boilerplate allegations. *Orellana,* 2020 WL 13469284 at *7 (S.D.N.Y. 2020); *see also Weng*, 2022 WL 292799 at *6; *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 588 (S.D.N.Y. 2020); *Vast v. Credico (USA) LLC*, 2016 WL 4147241, at *7 (S.D.N.Y. 2016); *Lin*, 2009 WL 976835, *2; *see also Irizarry*, 722 F.3d at 109. Accordingly, Plaintiffs' FLSA and NYLL claims against Jonathan Toubin should be dismissed.

## **CONCLUSION**

For the reasons stated above, the Court should grant Defendants' Motion to Dismiss, and dismiss the Amended Complaint in its entirety.

Dated: New York, New York
        June 5, 2024

<div style="margin-left:50%">

Respectfully submitted,

LEVIN EPSTEIN & ASSOCIATES, P.C.

*/s Jason Mizrahi*
Jason Mizrahi, Esq.
Joshua D. Levin-Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel No.: (212) 792-0048
Email: Jason@levinepstein.com
          Joshua@levinepstein.com
*Attorneys for Defendants*

</div>

20