

Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main: 212.392.4772
Direct: 212.444.1024
doug@lipskylowe.com

www.lipskylowe.com

January 14, 2025

VIA ECF
The Honorable Arun Subramanian, U.S.D.J.
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Van Duser *et al.* v. Tozzer LTD., *et al.*, 1:23-cv-09329 (AS)

Dear Judge Subramanian:

This firm represents the Plaintiffs in this Fair Labor Standards Act and New York Labor Law Matter. We submit this motion to compel discovery, under Your Honor's Individual Rule 5 and Local Civ. R. 37.2, for the depositions of Individual Defendants Johnny Yerington and Jesse Malin.

By way of background, Defendants own and operate various Manhattan bars and employed the Plaintiffs. Plaintiffs assert the following claims in their May 13, 2024 First Amended Complaint: failure to pay the minimum wage under the FLSA and Labor Law; unlawfully retained gratuities under the FLSA and Labor Law; failure to pay spread-of-hours pay under the Labor Law; failure to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; failure to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment; and failure to timely pay wages under the Labor Law.

On September 18, 2024, Plaintiffs served Notices of Deposition for Individual Defendants Jonathan Toubin, Johnny Yerington, Jesse Malin and Laura McCarthy. Then, on November 8, the parties jointly requested the discovery end date be extended to January 27, which the Court granted. (Doc. No. 51). On December 18, 2024, Plaintiffs emailed Defendants about the need to schedule depositions. Having received no response, Plaintiffs followed up with Defendants on December 19, 20 and 23. On December 23, Defendants responded that they would provide dates "as soon as they are confirmed."

On December 30, lead trial counsel for both parties (Douglas Lipsky for Plaintiffs and Jason Mizrahi for Defendants) participated in a telephonic meet and confer on the scheduling issue, which lasted about 10 minutes. Defendants agreed, during that meet and confer, to produce Individual Defendant Laura McCarthy for her deposition on January 24, in her individual capacity and as the corporate Defendants' Rule 30(b)(6) designee.



On January 2, Plaintiffs again inquired on the availability of the other Individual Defendants. Receiving no response, Plaintiffs followed up on this on January 8 and January 10. On January 10, the lead trial counsel for both parties participated in a telephonic meet and confer, which lasted about 5 minutes. During the call, Defendants stated that they will shortly provide dates for the Individual Defendants' depositions. Having not heard from them, today, Plaintiffs inquired as to those dates, only for Defendants to state they would provide dates by this Friday.

This is a pattern. Defendants have, from day one, done everything to delay this case. The strategy of delay began almost immediately upon Defendants first contacting Plaintiffs on December 28 and ultimately requesting their responsive pleading deadline be extended to February 19, 2024. Plaintiffs agreed based on Defendants' representation that this was enough time for them to review the Complaint and file their pleading. This extension resulted in the January 30 Initial Pretrial Conference being adjourned. (Doc. No. 18). Then, on February 14, they requested 30 more days to file their responsive pleading based on the representation that this time was necessary to complete their investigation and to discuss a resolution. Based on those representations, Plaintiffs agreed and Defendants' responsive pleading deadline was extended to March 29 and the February 29 Initial Pretrial Conference was adjourned to March 29. (Doc. No. 22). Then, on March 15, Defendants requested *another* extension. Before Plaintiffs could respond, Defendants filed a letter motion seeking their responsive pleading deadline be extended to April 20, representing to the Court that this time is needed to continue their investigation. (Doc. No. 23). The Court granted that extension while making clear this case needs to move forward. (Doc. No. 24). And *then* they filed an April 21, 2024 letter motion seeking to stay discovery, while their motion to dismiss was pending. (Doc. No. 30). That motion to stay was denied. (Doc. No. 34).

This delay strategy has permeated through discovery, with Plaintiffs constantly having to chase Defendants on practically everything. It should not be this way. While Defendants state that they will provide deposition dates by this Friday, Plaintiffs have the well-founded belief that no dates will be provided and Defendants are attempting to run out the discovery clock before the January 27, 2025 end date.

Plaintiffs regret having to involve the Court on this but the history in this case makes it necessary. Plaintiffs, accordingly, respectfully request that the Court compel Defendants to provide dates by when Individual Defendants Johnny Yerington and Jesse Malin are available to be deposed on or before January 27.



We appreciate the Court's attention to this submission.

                          Respectfully submitted,
                          LIPSKY LOWE LLP

                          <u>s/ Douglas B. Lipsky</u>
                          Douglas B. Lipsky

CC:    Counsel of Record (Via ECF)

---

The motion to compel is GRANTED. Defendants are ordered to provide, by the close of business on January 17, 2025, dates by when individual defendants Johnny Yerington and Jesse Malin are available to be deposed on or before January 27, 2025.

The Clerk of Court is directed to terminate the motion at Dkt. 52.

SO ORDERED.

*Arun Subramanian, U.S.D.J.*
Dated: January 16, 2025