# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

January 23, 2025

***Via Electronic Filing***
The Hon. Arun Subramanian, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

                Re:    *Van Duser et al v. Tozzer Ltd. et al*
                      Case No.: 1:23-cv-09329-AS

Dear Honorable Judge Subramanian,

    This law firm is counsel to Defendants Tozzer Ltd., Lapizza Shop, Inc., Bowery Tech Restaurant LLC (collectively, the "Corporate Defendants"), Jonathan Toubin, Johnny Yerington a/k/a "Johnny T," Jesse Malin, and Laura McCarthy (collectively, "Individual Defendants", and collectively with the Corporate Defendants, the "Defendants") in the above-referenced matter.

    Pursuant to Your Honor's Individual Motion Practice Rule 3(E), this letter respectfully serves to request an extension of time to complete fact discovery from January 27, 2025 to, through and including February 27, 2025. This is Defendants' first request for an extension of time to complete discovery. Two (2) prior requests were filed by Plaintiffs[1], on October 23, 2024 [Dckt. No. 47] and on November 8, 2024 [Dckt. No. 50]. Plaintiffs' two (2) prior requests were granted on October 24, 2024 [Dckt. No. 48] and November 12, 2024 [Dckt. No. 52].

    The instant letter further respectfully serves to request the scheduling of an in-person settlement conference, at a date and time set by the court, on or before March 14, 2025. This is the first request for a referral to a Magistrate Judge for purposes of a settlement conference.

    As set forth more fully below, Defendants can establish "good cause" pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 6(b)(1)(A), for an extension of time to complete discovery in this action. Moreover, there are extenuating circumstances necessitating the instant request, and the instant request is not made lightly.

    **I.**    **Legal Standard**

    "The [Federal Rules of Civil Procedure] authorize extensions of time within which acts may be done on a showing of good cause where, as here, the extension is sought in advance of the deadline." *ICBC (London) PLC v. Blacksands Pac. Grp., Inc.*, 2016 WL 7378778, at *3 (S.D.N.Y. 2016); *see also* Fed.R.Civ.P. 6(b)(1)(A).[2] "Good cause under Rule 6(b)(1) has been described by

---

[1] "Plaintiffs" collectively refer to Plaintiffs Natasha Van Duser, Jackson Lea, Charlotte Mason, Tristan Hsu, Morgann Daniels, America Rose Marvelous Herve, Ryan Mickelsen, Kayl Ward, Stephanie Ospina, Zoë Fromer, Nicole Irrizarry and Julieta Winters.

[2] Federal Rule of Civil Procedure ("Fed.R.Civ.P.") provides:

    "When an act may or must be done within a specified time, the court may, for good cause, extend the time:

    (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]"

the [Second] Circuit as a 'non-rigorous standard.'" *Doe v. Warren & Baram Mgt. LLC*, 2024 WL 1242322, at *2 (S.D.N.Y. 2024) (citing *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021)). "[A]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id*.

## II. Legal Analysis

### A. Defendants Have Demonstrated "Good Cause" for an Extension of the Fact Discovery Completion Deadline

#### i. Plaintiffs' Counsel's Unilateral Cancellations of Plaintiffs' Depositions Necessitates an Extension of Time to Complete Discovery

On June 6, 2024, Defendants' counsel propounded discovery requests on Plaintiffs, consisting of: (i) requests for the production of documents; (ii) interrogatories; and (iii) notices of depositions. Each of the Plaintiffs' depositions was duly noticed pursuant to Fed.R.Civ.P. 30(b)(1), with the first deposition scheduled beginning July 9, 2024.

Pursuant to Fed.R.Civ.P. 33 and 34, Plaintiffs' responses to Defendants' requests for the production of documents and interrogatories were due on or before July 6, 2024. On July 8, 2024, Plaintiffs' counsel emailed the undersigned, requesting "the courtesy of a two week extension" of time to respond to Defendants' discovery requests. Defendants consented to Plaintiffs' request. Plaintiffs did not respond to Defendants' discovery requests util July 23, 2024.

As a result of Plaintiffs' delayed responses to Defendants' discovery requests, Plaintiffs' depositions could not move forward on their initially noticed dates.

When Defendants' counsel subsequently re-noticed Plaintiffs' depositions, based on availabilities provided by Plaintiffs' counsel, Plaintiffs unilaterally canceled those depositions, as well.

Accordingly, Plaintiffs' unilateral cancellation of Plaintiffs' depositions, on two (2) occasions, constitutes "good cause" for an extension of the fact discovery completion deadline.

#### ii. Defendants' Principal's Limited Availability, Due to Cancer Treatments, Necessitates an Extension of Time to Complete Discovery

A second, independent basis, also militates toward granting an extension of time to complete discovery.

One of Defendants' principals has been diagnosed with cancer, and has been undergoing extensive treatment overseas, as well as out-of-state. These cancer treatments necessitated that Defendants' principal travel overseas, for weeks at a time. For example, the last cancer treatment required the principal to travel overseas from December 27, 2024 to, through and including, January 23, 2025.

As a result of this principal's unavailability, Defendants' opportunities to meet-and-confer with counsel, in advance of conducting depositions have been significantly impaired. These meet-and-conferrals are critical where, as here, Defendants have maintained (and produced) nearly 1,000 individual pages of payroll records, time records, and excel spreadsheets, for each of the twelve (12) Plaintiffs, for the entirety of the six (6) year relevant period.

This principal has arrived back in New York on January 23, 2025, to sit for their deposition on January 24, 2024. During this interim period of the principal's availability, the undersigned can successfully meet-and-confer, to substantively discuss, and prepare for, the voluminous document production, as it relates to each of the twelve (12) Plaintiffs, and the nine (9) causes of action at-issue in this action.

Defendants' principal's limited availability, due to out-of-state and international cancer treatments, constitutes "good cause" for an extension of the fact discovery completion deadline.

### iii. Defendants' Principal's Limited Availability, Due to a Disability, Necessitates an Extension of Time to Complete Discovery

A third, independent basis, further militates toward granting an extension of time to complete discovery.

Approximately six (6) months prior to the filing of the instant action, individual defendant Jesse Malin tragically suffered from a rare spinal stroke, that left him paralyzed from the waist down. Since his tragic injury, Mr. Malin has been managing conflicting, unavoidable obligations for medical treatments and physical therapy, both locally and overseas.

As a result of Mr. Malin's disability, and intense medical treatment schedule, Defendants' opportunities to meet-and-confer with counsel, in advance of conducting depositions have been significantly impaired. As previously mentioned, these meet-and-conferrals are critical where, as here, Defendants have maintained (and produced) nearly 1,000 individual pages of payroll records, time records, and excel spreadsheets, for each of the twelve (12) Plaintiffs, for the entirety of the six (6) year relevant period.

Mr. Malin's limited availability, due intense medical treatments and physical therapy, further constitutes "good cause" for an extension of the fact discovery completion deadline.

### iv. Defendants' Week-By-Week Reconciliation of Plaintiffs' Time and Payroll Records Necessitates an Extension of Time to Complete Discovery

A fourth, independent basis, further militates toward granting an extension of time to complete discovery.

Defendants have maintained (and produced) time and payroll records for each of the twelve (12) Plaintiffs, for each of their workweeks during the relevant period, *i.e.,* from October 23, 217 to, through and including, October 23, 2023.

3

Defendants' production comprises a total of approximately 894 individual .pdf pages, as well as 108 excel spreadsheets.

Defendants have undertaken a laborious effort to extrapolate, and reconcile, the information in Defendants' document production of payroll and timekeeping records, for each of the twelve (12) Plaintiffs, spanning six (6) years. A fulsome analysis of Defendants' time and payroll records critical where, as here, the principal allegations of Plaintiffs' Amended Complaint [Dckt. No. 39], were based on information and belief, and without the benefit of any documentary evidence.

The time-intensive reconciliation of thousands of pages of payroll records, time records, and excel spreadsheets, further constitutes "good cause" for an extension of the fact discovery completion deadline.

### B. The Parties Have Never Benefitted from Alternative Dispute Resolution, Thus, the Scheduling of an In-Person Settlement Conference is Critical

Defendants respectfully request the scheduling of a settlement conference, to avoid the incurrence of attorneys' fees and costs with respect to the upcoming fifteen (15) depositions.

As your Honor had indicated in the October 24, 2024 Order, it is imperative that the parties meaningfully attempt to resolve this case short of conducting fifteen (15) depositions. [*See* Dckt. No. 48]. While the parties met-and-conferred at Plaintiffs' counsel's office on November 8, 2024 [*see* Dckt. No. 50], this conferral was unsuccessful because only one (1) of the twelve (12) Plaintiffs attended the conference. The one (1) Plaintiff in attendance, Natasha Van Duser, had only allegedly worked at two (2) of bars at issue, as a bartender, for a period of less than two (2) years. [*See* Dckt. No. 39 at ¶¶ 97-98].

This case has never benefited from a referral to any alternative dispute resolution, and the parties have never previously appeared before the Court, either telephonically, virtually or in-person, for a pre-trial conference. While Defendants are prepared to promptly proceed with the scheduling of Plaintiffs' depositions, the scheduling of an in-person settlement conference, prior to the completion of all fifteen (15) depositions, is critical, if the parties are to accomplish a settlement.

This factor further constitutes "good cause" for an extension of the fact discovery completion deadline.

### III.   Conclusion

In light of the foregoing, it is respectfully submitted that Defendants have demonstrated "good cause" for an extension of the fact discovery completion deadline to, through and including, February 27, 2025, and for the scheduling of an in-person settlement conference.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi, Esq.
Joshua Levin Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.:  (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiffs*

Via ECF: All Counsel

The Court is sympathetic to the severe health condition facing defendants' principal. However, defendants' letter doesn't explain why that issue prevented the scheduling and taking of discovery during the period allotted by (and extended by) the Court, and plaintiffs' response reveals a series of unexplained delays that have nothing to do with the health condition identified by defendants. However, defendants may take any remaining depositions they need to take before the February 10, 2025 summary judgment deadline, and the Court will move the summary judgment deadlines out by one week. Further, if the parties mutually agree (don't tell the Court if they don't), this Court is prepared to mediate the case on a day during the next two weeks. If the parties and their principals--all of them--are available, and if both sides agree that the Court may have ex parte discussions with both sides, then they should email their availability to chambers.

The Clerk of Court is directed to terminate the motion at Dkt. 54.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: January 24, 2025

5