# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

February 7, 2025

**<u>Via Electronic Filing</u>**
The Hon. Arun Subramanian, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

     Re: *Van Duser et al v. Tozzer Ltd. et al*
        Case No.: 1:23-cv-09329-AS

Dear Honorable Judge Subramanian,

 This law firm is counsel to Defendants Tozzer Ltd., Lapizza Shop, Inc., Bowery Tech Restaurant LLC (collectively, the "Corporate Defendants"), Jonathan Toubin, Johnny Yerington a/k/a "Johnny T," Jesse Malin, and Laura McCarthy (collectively, "Individual Defendants", and collectively with the Corporate Defendants, the "Defendants") in the above-referenced matter.

 Pursuant to Your Honor's Individual Motion Practice Rule 3(E), this letter respectfully serves to request an extension of time to complete fact discovery from February 10, 2025 to, through and including, February 28, 2025.

 This is Defendants' second request for an extension of time to complete discovery, and is not made on consent of Plaintiffs.[1] Two (2) prior requests were filed by Plaintiffs, on October 23, 2024 [Dckt. No. 47] and on November 8, 2024 [Dckt. No. 50]. Plaintiffs' two (2) prior requests were granted on October 24, 2024 [Dckt. No. 48] and November 12, 2024 [Dckt. No. 52]. One prior request was filed by Defendants on January 23, 2025 [Dckt. No. 54], and subsequently granted, in part, on January 24, 2025 [Dckt. No. 56].

 The instant letter further respectfully serves to request an extension of the settlement conference completion deadline from February 14, 2025 to, through and including, February 28, 2025.

 This is the first request of its kind, and is made on consent of counsel for Plaintiffs.

 If granted, the instant requests would require an extension of the existing dispositive motion commencement deadline of February 17, 2025.

 As set forth more fully below, Defendants can establish "good cause" pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 6(b)(1)(A), to extend the deadlines to complete discovery and to conduct a settlement conference.

---

[1] "Plaintiffs" collectively refer to Plaintiffs Natasha Van Duser, Jackson Lea, Charlotte Mason, Tristan Hsu, Morgann Daniels, America Rose Marvelous Herve, Ryan Mickelsen, Kayl Ward, Stephanie Ospina, Zoë Fromer, Nicole Irrizarry and Julieta Winters.

I. **Legal Standard**

"The [Federal Rules of Civil Procedure] authorize extensions of time within which acts may be done on a showing of good cause where, as here, the extension is sought in advance of the deadline." *ICBC (London) PLC v. Blacksands Pac. Grp., Inc*., 2016 WL 7378778, at *3 (S.D.N.Y. 2016); *see also* Fed.R.Civ.P. 6(b)(1)(A).[2] "Good cause under Rule 6(b)(1) has been described by the [Second] Circuit as a 'non-rigorous standard.'" *Doe v. Warren & Baram Mgt. LLC*, 2024 WL 1242322, at *2 (S.D.N.Y. 2024) (citing *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021)). "[A]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id*.

II. **Legal Analysis**

A. **Defendants Have Demonstrated "Good Cause" for an Extension of the Fact Discovery Completion Deadline and Settlement Conference Scheduling Deadline**

i. **Plaintiffs' Unavailabilities Necessitate an Extension of Time to Complete Depositions and to Schedule a Settlement Conference**

On February 17, 2025 and February 28, 2025, Defendants re-noticed[3] each of the Plaintiffs' depositions.

In response to Defendants' notices of deposition, Plaintiffs' counsel advised the undersigned that a number of the Plaintiffs were unavailable to attend an in-person deposition, and that other Plaintiffs had unavoidable scheduling conflicts on Defendants' proposed deposition dates.

Moreover, Plaintiffs counsel has advised the undersigned that the majority of Plaintiffs are unavailable to attend the settlement conference, in person, on the dates proposed by the Court.

Plaintiffs' unavailabilities for their in-person depositions, and for an in-person settlement conference, constitute "good cause" for an extension of the fact discovery completion deadline and settlement conference completion deadline, to, through and including, February 28, 2025.

ii. **Plaintiffs' Counsel's Limited Availability, Due to Travel Obligations, Necessitates an Extension of Time to Complete Discovery and to Schedule a Settlement Conference**

A second, independent basis, further militates toward granting an extension of time to complete discovery and to schedule an in-person settlement conference.

---

[2] Federal Rule of Civil Procedure ("Fed.R.Civ.P.") provides:

"When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]"

[3] Plaintiffs depositions were initially noticed on June 6, 2024.

Plaintiffs' counsel has advised the undersigned that he has conflicting, unavoidable travel obligations beginning the week of February 10, 2025.

Plaintiffs' counsel's limited availability further constitutes "good cause" for an extension of the fact discovery completion deadline and the settlement conference completion deadline to, through and including, February 28, 2025.

### III. Conclusion

Defendants are optimistic that the in-person settlement conference will help facilitate a resolution of the instant action.

However, out of an abundance of caution, Defendants respectfully require additional time to complete Plaintiffs' in-person depositions[4], before the dispositive motion commencement deadline.

In light of the foregoing, it is respectfully submitted that Defendants have demonstrated "good cause" for an extension of the fact discovery completion deadline and settlement conference completion deadline to, through and including, February 28, 2025.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: /s/ Jason Mizrahi
Jason Mizrahi, Esq.
Joshua Levin Epstein, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiffs*

Via ECF: All Counsel

The request to extend the deadline for discovery is DENIED. Defendants provide no reason as to why these depositions were not taken before February 10, 2025. In its previous order extending the discovery deadline, the Court gave defendants clear instructions to take any necessary depositions by February 10. *See* Dkt. 56. Defendants didn't do that.

As for settlement, the Court is still willing to facilitate settlement discussions, contingent on the Court's availability. Like last time, if the parties mutually agree (don't tell the Court if they don't) and if the parties agree that the Court may have ex parte discussions with both sides, they should email Chambers with dates within the next two months that all parties and all principals are available for settlement. The briefing schedule will not be adjourned. The Clerk of Court is directed to terminate the motion at Dkt. 57.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: February 11, 2025

---

[4] Besides the completion of Plaintiffs' depositions, no further discovery is contemplated in the instant action.

3